UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PENTACON BV and BALTISSE NV, | Case No. |
| Plaintiffs, | Removed from the Supreme Court of the State of New York, New York County, Index No. 650847/2023 |
| -against- | |
| GUY VANDERHAEGEN, GUY VANDERHAEGEN REVOCABLE TRUST, PELICAN INVEST, LLC, PELICAN INTERNATIONAL, LLC, ORIGIS ENERGY LLC, formerly Origis Energy NV, and ORIGIS USA LLC, | |
| Defendants. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Guy Vanderhaegen, Guy Vanderhaegen Revocable Trust ("Vanderhaegen Trust"), Pelican Invest, LLC ("Pelican Invest"), and Pelican International, LLC ("Pelican International" and, collectively, the "Removing Defendants"), by and through their undersigned counsel, hereby provide notice that they remove the civil action captioned *Pentacon BV, et. al. v. Guy Vanderhaegen, et al.*, Index No. 650847/2023, from the Supreme Court of the State of New York, New York County (the "State Court"), to the United States District Court for the Southern District of New York.[1] The Removing Defendants reserve, and do not waive, all rights and defenses, including without limitation those concerning lack of personal jurisdiction and improper forum or venue. In support of this Notice of Removal, the Removing Defendants state as follows:

---

[1] Defendant Origis USA LLC ("Origis USA") has executed a Notice of Consent to Removal submitted herewith. As explained herein, the defendant identified in the complaint as Origis Energy LLC, formerly Origis Energy NV ("Origis Energy"), should be disregarded for purposes of removal as it had ceased to exist by the time of filing of the complaint by virtue of a statutory merger and it has not been served.

## I.      Introduction

1.       This action is removable to this Court pursuant to 28 U.S.C. § 1441(b), which permits removal on the basis of diversity jurisdiction.  This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), which grants federal district courts original subject matter jurisdiction over civil actions between citizens of a state and citizens of a foreign state where the amount in controversy exceeds $75,000.  This is such an action.  Both plaintiffs are citizens of a foreign state (Belgium) and each defendant is a citizen of a state (Delaware or Florida), excluding one named defendant (Origis Energy) that had ceased to exist by the time of filing of the complaint by virtue of a statutory merger and should be disregarded.  The complaint seeks damages in excess of $75,000.

2.       All other requirements for removal are satisfied.  First, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it was filed within 30 days of the filing of the complaint (and, *a fortiori*, within 30 days of service, which has not occurred).  Second, all defendants have consented to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A), other than Origis Energy whose consent is not required because it had ceased to exist by the time of the filing of the complaint and thus was not (indeed, could not be) "properly joined and served."  Third, copies of all process, pleadings, and orders filed in State Court are attached to this notice of removal pursuant to 28 U.S.C. § 1446(a).  Fourth, the Removing Defendants will promptly provide copies of this Notice of Removal to all adverse parties and the State Court pursuant to 28 U.S.C. § 1446(d).

## II.     Procedural History and the Complaint

3.       On February 14, 2023, plaintiffs Pentacon BV and Baltisse NV (together, "Plaintiffs") filed a summons and verified complaint ("Complaint" or "Compl.") (attached hereto as Exhibit A) in the State Court in an action assigned Index No. 650847/2023.

4.      Plaintiffs assert six causes of action against all defendants: fraud (Count One), fraudulent inducement (Count Two), constructive fraud (Count Three), breach of fiduciary duty (Count Four), and breach of contract (Count Five and Count Six).  Compl. ¶¶ 125-166.  Plaintiffs demand "hundreds of millions of dollars in damages," among other relief.  Compl. ¶ 30.  The Removing Defendants dispute that they have any liability whatsoever to Plaintiffs.

5.      Plaintiffs allege that each of them "is a Belgian limited liability company with its principal place of business at . . . Belgium."  Compl. ¶¶ 32-33.

6.      Regarding the Removing Defendants, Plaintiffs allege in part that "Guy Vanderhaegen is a natural person of Belgian nationality who resides in Coral Gables, Florida," "Guy Vanderhaegen Revocable Trust is a Florida Revocable trust," "Pelican Invest, LLC is a Delaware limited liability company," and "Pelican International, LLC is a Delaware limited liability company."  Compl. ¶¶ 34-37.  The Complaint names two additional defendants.  Defendant Origis USA is alleged to be "a Delaware limited liability company."  Compl. ¶ 39.  Defendant Origis Energy allegedly "is or was a Delaware limited liability company."  Compl. ¶ 38.

7.      On February 14, 2023, Plaintiffs filed a corporate disclosure statement in State Court (attached hereto as Exhibit B).

8.      To date, Plaintiffs have not filed any affidavits of service concerning any of the defendants.  Upon information and belief, none of the defendants has been served with process.

9.      Counsel for Plaintiffs, counsel for the Removing Defendants, and counsel for Origis USA exchanged drafts of a proposed written stipulation contemplated to be filed in State Court that, if finalized and signed by all such counsel, would have provided for the acceptance of service of process by the Removing Defendants and Origis USA effective as of February 28, 2023, while reserving all other rights and defenses, subject to all the terms and conditions thereof, including an

agreed extension of the time for defendants to respond to the Complaint through April 27, 2023, and a briefing schedule for any motion practice in response to the Complaint. By conference call on March 14, 2023, counsel for the Removing Defendants advised counsel for Plaintiffs of the Removing Defendants' intent to remove. During that conference call, and in light of the impending removal of this action to this Court, the parties agreed that, rather than executing a stipulation to be filed in State Court, the parties instead would execute a written stipulation and proposed order on the foregoing terms to be filed in this Court promptly after removal. Counsel for the Removing Defendants anticipates that such a stipulation and proposed order will be executed promptly by the parties and submitted to this Court for approval. As of the time of filing of this Notice of Removal, however, no such stipulation has been executed by the parties or approved by this Court and service of process has not yet been accepted.

10.     As reflected in the State Court docket as of March 14, 2023 (attached hereto as Exhibit C), no motions or other proceedings are pending in the State Court.

**III.    This Court Has Diversity Jurisdiction**

11.     This action is removable to this Court pursuant to 28 U.S.C. § 1441(b), which permits removal on the basis of diversity jurisdiction.

12.     Diversity jurisdiction exists in any civil action between "citizens of a State and citizens or subjects of a foreign state," in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(2). As of the date of filing of the Complaint, and at all times since then, the citizenship of the parties has been as follows (excluding Origis Energy, which is discussed in paragraph 14 below):

     a.     Plaintiff Pentacon BV is a citizen of Belgium. Pentacon BV is incorporated under the laws of Belgium and its principal place of business is in Belgium. Compl. ¶ 32. Although the Complaint characterizes Pentacon BV as a "limited liability company" (Compl. ¶ 32), a BV or *besloten vennootschap*

4

is deemed a corporation for purposes of 28 U.S.C. § 1332. *See BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) ("Netherlands BV" held to be "a 'corporation' for the purpose of § 1332"). As a corporation, Pentacon BV is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

b.   <u>Plaintiff Baltisse NV is a citizen of Belgium.</u>  Baltisse NV is incorporated under the laws of Belgium and its principal place of business is in Belgium. Compl. ¶ 32.  Although the Complaint characterizes Baltisse NV as a "limited liability company" (Compl. ¶ 33), an NV or *naamloze vennootschap* is deemed a corporation for purposes of 28 U.S.C. § 1332. *See Astra Oil Trading NV v. PRSI Trading Co. LP*, 2009 WL 928672, at *1-2 (S.D.N.Y. 2009) (determining citizenship of plaintiff NV based upon jurisdiction of incorporation and principal place of business); *De Wit v. KLM Royal Dutch Airlines, N.V.*, 570 F. Supp. 613, 616 (S.D.N.Y. 1983) (defendant NV a "foreign corporation" for purposes of 28 U.S.C. § 1332).

c.   <u>Defendant Guy Vanderhaegen is a citizen of Florida.</u>  Mr. Vanderhaegen is a natural person who resides and is domiciled in Florida.  Compl. ¶ 34. Although the Complaint characterizes Mr. Vanderhaegen as "of Belgian nationality" (*id.*), he is a naturalized citizen of the United States.

d.   <u>Defendant Vanderhaegen Trust is a citizen of Florida.</u>  As a "Florida revocable trust" (Compl. ¶ 35), Vanderhaegen Trust takes the citizenship of its trustee for purposes of 28 U.S.C. § 1332. *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 731 (2d Cir. 2017) (holding that "it is the trustees' citizenship that must determine diversity" for Florida trusts). Mr. Vanderhaegen is the trustee of the Vanderhaegen Trust.  As set forth above in paragraph 12(c), Mr. Vanderhaegen is a citizen of Florida.

e.   <u>Defendant Pelican International is a citizen of Florida.</u>  Pelican International is a "Delaware limited liability company."  Compl. ¶ 37.  As a Delaware limited liability company, Pelican International takes the citizenship of its member(s). *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("Aladdin is a [Delaware] limited liability company that takes the citizenship of each of its members.").  The sole member of Pelican International is defendant Vanderhaegen Trust.  As set forth above in paragraph 12(d), Vanderhaegen Trust is a citizen of Florida.

f.   <u>Defendant Origis USA is a citizen of Delaware and Florida.</u>  Origis USA is a "Delaware limited liability company."  Compl. ¶ 39.  As a Delaware limited liability company, Origis USA takes the citizenship of its member(s). *Bayerische Landesbank*, 692 F.3d at 49.  The sole member of

Origis USA is nonparty Gator Midco, Inc., which is a Delaware corporation with its principal place of business in Florida.

g.   <u>Defendant Pelican Invest is a citizen of Florida.</u>   Pelican Invest is a "Delaware limited liability company."  Compl. ¶ 36.  As a Delaware limited liability company, Pelican Invest takes the citizenship of its member(s).  *Bayerische Landesbank*, 692 F.3d at 49.  The members of Pelican Invest are defendant Vanderhaegen Trust and nonparty Natacha Standaert Revocable Trust (the "Standaert Trust").  As set forth above in paragraph 12(d), Vanderhaegen Trust is a citizen of Florida.  The Standaert Trust is a Florida revocable trust and it takes the citizenship of its trustee for purposes of 28 U.S.C. § 1332.  *Raymond Loubier Irrevocable Tr.*, 858 F.3d at 731.  The trustee of the Standaert Trust is nonparty Natacha Standaert.  Ms. Standaert is a natural person who resides and is domiciled in Florida.  She is a naturalized citizen of the United States.  As such, the Standaert Trust is a citizen of Florida.

13.     Accordingly, there is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2), because Plaintiffs are citizens of Belgium and each of the foregoing defendants is a citizen of Delaware and/or Florida.

14.     Defendant Origis Energy should be disregarded for purposes of diversity jurisdiction because it had ceased to exist by the time of filing of the Complaint by virtue of a statutory merger and it lacks the capacity to be sued.  On or about November 10, 2021, pursuant to 6 Del. C. § 18-209, Origis Energy merged into defendant Pelican International with Pelican International being the surviving limited liability company.   On or about that same date, November 10, 2021, Pelican International filed with the office of the Secretary of State of Delaware a Certificate of Merger attesting to the merger of Origis Energy into Pelican International.  For purposes of removal, an "entity that cannot be sued . . . being named as a purported defendant does not destroy diversity jurisdiction."  *La Russo v. St. George's Univ. School of Med.*, 747 F.3d 90, 97 (2d Cir. 2014) (medical school that was a non-juridical entity named as defendant).  Such is the case here because "courts have consistently held (many under

. . . Delaware law, *see* Del. Code Ann. tit. 6, § 18–209(g)), that a limited liability company that merges into another one ceases to exist and that claims brought against that company should be dismissed." *MPEG LA, LLC v. Toshiba Am. Inf. Sys., Inc.*, 2015 WL 6685523, at *6 (S.D.N.Y. 2015); *see also Damon Alarm Corp. v. Am. Dist. Tel. Co.*, 304 F. Supp. 83, 84 (S.D.N.Y. 1969) ("[T]he moving defendant [Delaware corporation] no longer exists [by virtue of a merger] and the action cannot be maintained against it."); 6 Del. C. § 18-209(g) ("all debts, liabilities and duties of each of the said domestic limited liability companies . . . that have merged or consolidated shall thenceforth attach to the surviving or resulting domestic limited liability company").[2]  As set forth above in paragraph 12(e), Pelican International, the surviving limited liability company, is a named defendant and citizen of Florida.[3]

15.    The amount in controversy requirement also is satisfied.  The Complaint alleges damages in excess of $75,000, exclusive of interest and costs.  Compl. ¶ 30.  The Removing Defendants dispute that they have any liability whatsoever to Plaintiffs.  For purposes of removal, however, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).

---

[2] New York law requires the same result.  *See MPEG LA, LLC*, 2015 WL 6685523, at *6; N.Y. LLC Law § 1004(a) ("all debts, obligations, liabilities, penalties and duties of each of such domestic limited liability companies and other business entities that have merged or consolidated shall thenceforth attach to the surviving or resulting domestic limited liability company").

[3] Even assuming *arguendo* that the citizenship of Origis Energy were somehow relevant to diversity jurisdiction (it is not), Origis Energy was a citizen of Florida at the time of its merger into Pelican International.  Specifically, Origis Energy was a Delaware limited liability company that would have taken the Florida citizenship of its sole member, Pelican International.

**IV.    All Other Requirements for Removal Are Satisfied**

16.    This Notice of Removal is timely under 28 U.S.C. § 1446(b).  The time for the Removing Defendants to remove this action has not yet begun to run because they have not been served with process.  Regardless, this Notice of Removal has been filed within 30 days of the filing of the Complaint on February 14, 2023 (and, *a fortiori*, within 30 days of service, which has not occurred).

17.    Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served" have joined or consented to the removal of this action.  Counsel for Origis USA executed a Notice of Consent to Removal that is submitted herewith (attached as <u>Exhibit D</u>) with the consent of such counsel.

18.    No such consent to removal from Origis Energy is required.  First, as set forth above in paragraph 14, Origis Energy merged into defendant Pelican International (which joins this Notice of Removal), and Origis Energy had ceased to exist before the filing of the Complaint.  As Origis Energy is not "properly joined" as a party in this action, its consent to removal is not required.  *See* 28 U.S.C. § 1446(b)(2)(A).  Second, Origis Energy has not been served with process.  Nor have Plaintiffs filed any affidavit of service as to Origis Energy.  As Origis Energy has not been "properly . . . served" in this action (indeed, it cannot be served), its consent to removal is not required.  *See id*.

19.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in State Court are being filed with this notice of removal.  Exhibits A-C.

20.    Pursuant to 28 U.S.C. § 1446(d), the Removing Defendants will promptly serve a copy of this Notice of Removal upon counsel for Plaintiffs and file a copy of the Notice of Removal with the Clerk of the New York Supreme Court, New York County.

21.     The Removing Defendants reserve the right to supplement or amend this Notice of Removal as appropriate.  The Removing Defendants reserve the right to submit, at an appropriate time, by affidavit or otherwise, additional evidence to support the foregoing grounds for removal, should that become necessary.

22.     The undersigned counsel has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

## V.     Conclusion and Prayer for Relief

WHEREFORE, the Removing Defendants respectfully request that the above-referenced civil action now pending against them in the State Court be removed to this Court, and that no further proceedings be held in the State Court.

Dated: March 14, 2023

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

By          */s/ Thomas J. McCormack*
        Thomas J. McCormack
        Robert Kirby
        Anthony Lauriello
        1301 Avenue of the Americas
        New York, NY  10019
        Tel.: (212) 408-5100
        Fax: (212) 541-5369
        thomas.mccormack@nortonrosefulbright.com
        robert.kirby@nortonrosefulbright.com
        anthony.lauriello@nortonrosefulbright.com

        *Attorneys for Defendants Guy Vanderhaegen,*
        *Guy Vanderhaegen Revocable Trust, Pelican*
        *Invest, LLC, and Pelican International, LLC*