**NORTON ROSE FULBRIGHT**

April 27, 2023

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
United States

**By Electronic Filing and Email**

The Hon. Katherine Polk Failla, U.S.D.J.
United States District Court, S.D.N.Y.
Failla_NYSDChambers@nysd.uscourts.gov

Thomas J. McCormack
Direct Tel +1 212 408 5182
thomas.mccormack@nortonrosefulbright.com

Re:   *Pentacon BV, et al. v. Guy Vanderhaegen, et al.*, Case No. 23-cv-02172-KPF

Dear Judge Failla:

We represent defendants Guy Vanderhaegen ("Vanderhaegen"), Guy Vanderhaegen Revocable Trust (the "Trust"), Pelican Invest, LLC ("Pelican Invest"), and Pelican International, LLC ("Pelican International" and, collectively, the "Defendants") in this action. Pursuant to Rule 4(A) of Your Honor's individual rules, we submit this pre-motion letter to notify the Court that Defendants intend to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), and to request the Court set the briefing schedule and page limitations for that motion.

This case presents a classic example of seller's remorse. Plaintiffs are two sophisticated private equity investors who chose to sell their shares in Origis Energy NV ("Origis Energy") at a price of $105 million and were disappointed when, more than a year later, a new investor paid a higher price. Plaintiffs now claim fraud because Defendants allegedly misrepresented the "true value" of Plaintiffs' shares and Plaintiffs allegedly relied on Defendants to tell them what their shares were worth. Defendants vigorously dispute all allegations of fraud, or that they have any liability to Plaintiffs whatsoever. Regardless, the Complaint fails as a matter of law, and should be dismissed as against each of the Defendants in its entirety, on the grounds summarized below.

**A.   Plaintiffs Released all Claims against Vanderhaegen, the Trust, and Pelican Invest**

In Section 9.11 of the Share Redemption Agreement ("SRA") by which Plaintiffs sold their shares, the parties mutually released their respective Non-Party Affiliates from "any liability (whether in Contract or in tort, in equity or at Law, or granted by statute) for any claims, causes of action, obligations, or liabilities arising under, out of, in connection with, or related in any manner to this Agreement or based on, in respect of, or by reason of this Agreement or in its negotiation, execution, performance, or breach." Vanderhaegen, the Trust, and Pelican Invest are protected by that release. *Id.* (Non-Party Affiliates include "any past, present or future Representative, incorporator, stockholder or Affiliate of any Contracting Party or Affiliate of any of the foregoing"); Compl. ¶¶ 34-46. A release of this breadth bars even a "later challenge [to] that release as fraudulently induced," unless Plaintiffs "identify a separate fraud from the subject of the release." *See Centro Empresarial Cempresa S.A. v. Am. Movil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276 (2011). Plaintiffs have not done so. The Complaint's allegations that Defendants "fraudulently induced Plaintiffs into signing the SRA" (Compl. ¶ 133) are related to, not separate from, "this Agreement" and "its negotiation, execution, performance, or breach." SRA § 9.11. All counts in the Complaint should be dismissed against the foregoing defendants.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

NORTON ROSE FULBRIGHT

Page 2

### B. The Complaint Fails to Plead any Claim for Fraud

The Complaint's fraud claims (Counts One to Three) should be dismissed for failure to state a plausible claim of fraud or to plead fraud with the particularity required by Rule 9(b). ***First***, Plaintiffs fail to plead any material false representation. They principally allege Defendants "falsely represented that the proposed buyout price for Plaintiffs' shares accurately reflected the true value of Origis." Compl. ¶ 59. But the Complaint describes those representations only in the most general terms, and never quotes—much less attaches as exhibits—any alleged "proposal," "report," or "valuation" on which it relies. *Id.* ¶¶ 60, 63, 65, 71, 78. Indeed, documents on which the Complaint relies contradict the Complaint's characterizations. Such allegations also are (at most) statements of opinion as to the subjective valuation of shares of a private company in the solar industry, and are not actionable as fraud. *See Rubin v. Sabharwal*, 171 A.D.3d 580, 581 (1st Dep't 2019) ("The alleged misrepresentations . . . ultimately go to the value of the jewelry, which constitutes 'nonactionable opinion that provide[s] no basis for a fraud claim.'"). Regardless, the Complaint fails to adequately allege such "true value" statements were false when made. Plaintiffs indulge in impermissible fraud by hindsight when they suggest (for example) that Vanderhaegen's alleged statement in April 2019 as to the "accurate value of Origis" (Compl. ¶ 60) must have been false because a new investor agreed 2 ½ years later, in October 2021, to a transaction at a higher price. *Id.* ¶¶ 121-22. The Complaint's allusions to alleged "secret internal reports" are devoid of fact and too cryptic to show that any statement was false. *Id.* ¶ 79. Plaintiffs' allegations that Vanderhaegen stated to "potential financing sources" a "true value" of Origis USA that was higher than he allegedly stated to Plaintiffs do not suffice either. *Id.* ¶¶ 61, 64, 66, 72. The Complaint pleads no facts to show that one statement was true while the other was false. For similar reasons, Plaintiffs also fail to allege facts sufficient to give rise to a strong inference of fraudulent intent.

***Second***, Plaintiffs fail to plead that they relied on any alleged representation, or that such reliance was reasonable. Plaintiffs are private equity firms and quintessential sophisticated investors. Bare allegations that they "accepted and relied upon Defendants' misrepresentations about the value of Origis" are conclusory. *Id.* ¶ 85. Rather than passively accepting what Defendants allegedly told them was the "true value of Origis" (*id.* ¶ 55), for example, the Complaint and documents integral thereto instead show Plaintiffs proposed their own, higher valuations and rigorously negotiated the share price and other deal terms over many months. *Id.* ¶¶ 52, 54, 60, 63, 65, 67, 77, 88-94. In any case, it would have been unreasonable as a matter of law for Plaintiffs to enter into a $105 million transaction while relying upon a buyer's alleged representation of the "true value" of their shares. *See Granite Partners, L.P. v. Bear, Stearns & Co.*, 58 F. Supp. 2d 228, 259 (S.D.N.Y. 1999) ("A party entering into a transaction has a duty to conduct an independent appraisal of the risk it is assuming. . . ."). ***Third***, the Complaint fails to inform each defendant of the nature of its alleged participation in the fraud, instead lumping together all five named defendants and referring to them collectively. *E.g.*, Compl. ¶ 126 ("Defendants engaged in a fraudulent scheme"). These and other deficiencies require dismissal of Plaintiffs' fraud claims.

### C. Defendants Did Not Owe Plaintiffs any Fiduciary Duties under Applicable Law

The Complaint fails to state a claim for breach of fiduciary duty or constructive fraud because none of Defendants owed fiduciary duties to Plaintiffs. The Complaint alleges that "[a]s

officers, directors, and fellow shareholders in a close corporation, Defendants owed fiduciary duties to Plaintiffs." Compl. ¶¶ 143, 149. That "close corporation" (*id.*) was the defendant identified as "Origis Energy LLC, formerly Origis Energy NV." *Id.* ¶ 38, *see also id.* ¶ 11 n.1. While the Complaint alleges that defendant "is or was a Delaware limited liability company" (*id.* ¶ 38), the SRA and public records confirm that at all relevant times Origis Energy was incorporated under the laws of Belgium as an NV (*naamloze vennootschap*), and thus the existence of any fiduciary duty is a matter of Belgian law. As Defendants will show by the declaration of a Belgian legal expert, Belgian law does not recognize any fiduciary duty owed by an officer or director of an NV to an individual shareholder. Likewise, Belgian law does not recognize any fiduciary duty owed between shareholders. This defect is fatal to Count Three and Count Four.

**D.     The Complaint Fails to Plead any Claim for Breach of the SRA**

*First*, the Complaint fails to state any breach of contract claim against Vanderhaegen, the Trust, or Pelican Invest because none of them is a party to the SRA, and because the SRA permits only indemnification claims against Origis Energy and Pelican International. *Second*, the Complaint fails to state a claim for breach of Section 4.4 (or, by extension, Section 5.1) of the SRA. Pelican International therein made representations and warranties only as to specified subject matters, which did not include "the value of Origis and its pipeline" or whether "the Rockhound projects could . . . be reliably valued or sold." Compl. ¶ 157. Further, Sections 4.8 and 9.8 of the SRA expressly disclaimed any contractual representation or warranty not stated in the SRA. Regardless, the Complaint fails to plausibly allege such (nonexistent) representations and warranties were breached. *Third*, the Complaint fails to plead Defendants breached Section 5.5(a) of the SRA by "actively pursu[ing] such a [Origis Sale] both before the SRA had been signed and during the period . . . up to the signing of the agreement to sell Origis to Antin." Compl. ¶ 161. As a threshold matter, Section 5.5(a) did not preclude Defendants from "actively pursu[ing]" an Origis Sale, but rather applied only if an Origis Sale occurred no later than September 14, 2021. *Id.* ¶¶ 23, 70, 161. The Complaint does not allege an Origis Sale occurred by that date. The Complaint also fails to plead a breach of Section 5.5(c), which applied only in the event of a "potential Origis Sale to occur" no later than September 14, 2021. *Id.* ¶ 162. Plaintiffs do not allege that any potential Origis Sale was ever to occur by that date.

*     *     *

Defendants request the Court enter an order adopting the following briefing schedule: (a) motion to dismiss due within 7 days of the Court's order; (b) opposition due within 60 days of motion to dismiss; (c) reply due within 28 days of opposition. Defendants further request the Court therein expand the page limitations to 35 pages for the motion to dismiss and opposition and 15 pages for the reply. Counsel is available for a pre-motion conference at the discretion of the Court.[1]

---

[1] This comports with the parties' agreement before removal: motions to dismiss by April 27, 2023, opposition by June 26, 2023 (60 days later), and replies by July 24, 2023 (28 days later).

Page 4

**NORTON ROSE FULBRIGHT**

                                               Respectfully submitted,

                                               */s/ Thomas J. McCormack*
                                               Thomas J. McCormack

cc: All Counsel of Record (by Electronic Filing)