Blair Connelly
Direct Dial: (212) 906-1658
Blair.Connelly@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

April 27, 2023

<u>VIA ECF AND EMAIL</u>

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

Re:    <u>*Pentacon BV et al. v. Vanderhaegen et al.*, No. 23-cv-2172 (KPF) (VF)
       Pre-Motion Letter for Origis USA LLC's Anticipated Motion to Dismiss</u>

Dear Judge Failla:

Pursuant to Rule 4.A. of Your Honor's Individual Rules of Practice in Civil Cases, we write on behalf of Defendant Origis USA LLC ("Origis USA") to respectfully request the opportunity to move to dismiss the claims against Origis USA in the above-captioned action, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

Simply put, Origis USA does not belong in this lawsuit. The transaction at issue concerns Plaintiffs' $105 million sale of their stock in one of Origis USA's **parent entities**, Defendant Origis Energy LLC ("Origis Energy"), in a transaction negotiated with Defendant Guy Vanderhaegen and Defendant entities in which he held ownership stakes. *E.g.*, Compl. ¶ 23. Origis USA was a majority-owned subsidiary of Origis Energy. *Id.* ¶ 11 n.1. It was neither a buyer nor a seller in the transaction. It received no money, stock, or other benefits in the deal. None of its assets or equity were bought or sold. Before and after the transaction, Origis USA remained owned by the same entities, in the same proportions. All that changed were the stockholders in one of Origis USA's parent entities, as shown in this chart:



LATHAM&WATKINS LLP

    The Complaint attempts to obscure this reality through impermissible group pleading, asserting throughout that "Defendants" committed various wrongs, without alleging specific conduct attributable to Origis USA.  Stripped of that artifice, the claims against Origis USA are facially unsupportable.  First, Plaintiffs bring breach of contract claims against Origis USA, ignoring that the very first page of the contract (which Plaintiffs tellingly do not attach) makes clear that Origis USA *is not a party to the provisions at issue*.  Second, Plaintiffs charge Origis USA with breach of fiduciary duty, ignoring that Origis USA owed no such duties even to its owners, let alone to the owners of its owners (*i.e.*, Plaintiffs).  Finally, Plaintiffs claim that Origis USA committed "fraud," but never allege (much less with particularity) that Origis USA made any false statements to Plaintiffs; nor would that claim make sense given Origis USA's role.

    Plaintiffs' claims against Origis USA must fail and Plaintiffs cannot cure the Complaint's fundamental defects.  Origis USA should not have to litigate these issues even once; but if Plaintiffs force Origis USA to do so, the Court should not entertain any further opportunities for Plaintiffs to amend and should instead dismiss the claims against Origis USA with prejudice.

### A.    Breach of Contract Claims Fail as Against Origis USA (Counts V and VI)

    Plaintiffs' breach of contract claims are entirely unfounded because Origis USA was not a party to the provisions that were allegedly breached.  Plaintiffs *only* allege breaches of Sections 4.4, 5.5, and 6 of the Share Redemption Agreement ("SRA").  Compl. ¶¶ 88-94, 153-65.  The SRA states that Origis USA is a party for only specifically listed provisions (in Section 2), and Plaintiffs do not claim that those provisions were breached.  *See* SRA at Cover Page.  It is hornbook law that a party cannot be liable for breach of a contractual provision to which it is not even a party.  *See, e.g.*, *Suffolk County v. Long Island Lighting Co.*, 728 F.2d 52, 63 (2d Cir. 1984) ("[A]bsent a contractual relationship there can be no contractual remedy.").

### B.    Breach of Fiduciary Duty Claim Fails as Against Origis USA (Count IV)

    Plaintiffs' claim for breach of fiduciary duty (Compl. ¶¶ 147-52) fares no better, because Origis USA owed no such duties to Plaintiffs.[1]  Plaintiffs did not own interests in Origis USA; they only owned equity in Origis Energy, a distinct entity in which Origis USA holds no interest.  As a Delaware LLC, Origis USA did not even owe fiduciary duties to its *actual* owners, Origis Energy and Global Atlantic Re Limited.  *In re Dataproducts Corp. Shareholders Litig.*, 1991 WL 165301 at *6 (Del. Ch. Aug. 22, 1991) ("[A] corporation *qua* corporate entity is not a fiduciary of, and thus cannot owe a fiduciary duty to, its shareholders."); *Stone & Paper Invs., LLC v. Blanch*, 2020 WL 3496694, at *14 (Del. Ch. June 29, 2020) ("It is well settled that only managing members or controllers owe fiduciary duties by default in LLCs.") (citation omitted).[2]

---

[1] Plaintiffs allege that "[a]s officers, directors, and fellow shareholders in a close corporation, Defendants owed fiduciary duties to Plaintiffs." Compl. ¶ 149.  That cannot apply to Origis USA, which is a corporate entity—not an officer, director, or shareholder—and regardless, Plaintiffs owned shares in Origis Energy, not Origis USA.

[2] Moreover, Origis USA's LLC operating agreement contains a broad waiver of fiduciary duties, as permitted by Delaware law.

### C.  Fraud Claims Fail as Against Origis USA (Counts I-III)

Lastly, Plaintiffs offer no basis for fraud claims against Origis USA because the Complaint does not include *a single* particularized alleged misrepresentation by Origis USA, as required by Rule 9(b). *See Ningbo Prods. Import & Export Co., Ltd. v. Eliau*, 2011 WL 5142756 at *7 (S.D.N.Y. Oct. 31, 2011) ("a plaintiff alleging a claim sounding in fraud against multiple defendants under Rule 9(b) 'must plead with particularity by setting forth *separately* the acts complained of *by each defendant*'") (citation omitted).  The Complaint details only acts of Vanderhaegen, the person alleged to financially benefit from the negotiated buyout of Plaintiffs' stake in Origis Energy.  *E.g.*, Compl. ¶¶ 27, 120 (referencing "Vanderhaegen's fraudulent scheme"); *id.* ¶ 76 ("Vanderhaegen deliberately misled Plaintiffs").  Plaintiffs, in a wholly conclusory and improper manner, allege that all "Defendants" are therefore liable, without alleging any factual basis in support thereof.  *E.g.*, *id.* ¶ 2 (alleging that "Defendants fraudulently induced [Plaintiffs]").

Although it is well established that "[a] complaint may not simply clump defendants together in vague allegations to meet the pleading requirements of Rule 9(b)," *Regnante v. Sec. & Exch. Offs.*, 134 F. Supp. 3d 749, 771 (S.D.N.Y. 2015) (Failla, J.) (citation omitted), Plaintiffs openly acknowledge that is what they did—stating that "[w]henever one Defendant is referred to in the Complaint, that reference should be read as referring to all Defendants."  Compl. ¶ 40.  Plaintiffs do not and cannot allege that Origis USA misrepresented, or even stated, anything in the sales process.[3]  Plaintiffs' inability to tag Origis USA with any misrepresentations is unsurprising, because the alleged fraud makes no sense as applied to Origis USA.  The only thing sold under the SRA was Plaintiffs' stake in one of the ***parent companies***, Origis Energy.  Origis USA—the subsidiary—was not a buyer, seller, or beneficiary of the transaction, and Origis USA's business and ownership structure were unaffected by the transaction.[4]

Origis USA therefore respectfully requests the opportunity to move to dismiss the claims against it one week from the Court's order.  Origis USA is available for a pre-motion conference at the Court's discretion.

Respectfully submitted,

/s/ *Blair Connelly*
Blair Connelly
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)

---

[3] While Vanderhaegen was an officer or director of several Defendant entities, Plaintiffs supply no particularized basis that Vanderhaegen was ever speaking on behalf of Origis USA, rather than Origis Energy, his other entities, or himself.  *See, e.g.*, *Fenner v. News Corp.*, 2013 WL 6244156 at *11 (S.D.N.Y. Dec. 2, 2013) (directors and officers can wear different "hats" and "[t]he presumption is that corporate personalities remain distinct") (citation omitted).

[4] Relatedly, Plaintiffs cannot plead scienter as against Origis USA because there was no motive for Origis USA to commit fraud in a transaction to which it was not a party and in which it received no benefit.  *E.g.*, *Kalnit v. Eichler*, 264 F.3d 131, 141 (2d Cir. 2001) (dismissing fraud claim).