UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PENTACON BV and BALTISSE NV,

                              Plaintiffs,

                 -against-

GUY VANDERHAEGEN, GUY VANDERHAEGEN
REVOCABLE TRUST, PELICAN INVEST, LLC, and
PELICAN INTERNATIONAL, LLC,

                            Defendants.

Case No. 1:23-cv-02172-KPF

(ECF Case)

**CONFIDENTIALITY
STIPULATION AND
PROTECTIVE ORDER**

WHEREAS, the parties, through their undersigned counsel, have agreed to the following terms of this Confidentiality Stipulation and Protective Order (the "Protective Order"), and the Court has found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with discovery in this action:

## 1. SCOPE

1.1. All Discovery Material produced or adduced in this Litigation shall be used solely for the purpose of prosecuting or defending this Litigation, including discovery, mediation, trial preparation, trial, and appeal.

1.2. All Discovery Material produced or adduced in this Litigation shall be subject to this Protective Order. The protections conferred by this Protective Order extend to any information copied or extracted from Discovery Material, including metadata, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

1

presentations by Parties or Counsel to or in court or in other settings that might reveal Confidential Information or Highly Confidential Information.

## 2. DEFINITIONS

2.1. **Confidential Information:**  All Discovery Material that has not been publicly disclosed and contains proprietary business information, competitively sensitive information, and/or other non-public commercial, financial, research or technical information, including such information of a Party's customers, suppliers, joint venture partners, affiliates, employees, agents, or other parties to whom a party may, in good faith, owe a duty of confidentiality. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information shall be treated as Confidential Information.  Information or documents which were produced prior to the date on which the Parties agreed to be bound to this Confidentiality Stipulation and Order may also be designated as Confidential Information subject to all the restrictions and obligations set forth herein; provided, however, that any disclosure of Confidential Information that may have occurred prior to the date on which the Parties agreed to be bound hereto shall not be deemed to violate this Protective Order.

2.2. **Counsel:**  Outside Counsel and In-House Counsel.

2.3. **Designating Party:**  A Party or non-party that designates information or items that it produces in disclosures or in response to discovery as Confidential Information or Highly Confidential Information.

2.4. **Discovery Material:**  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to

2

discovery (including responses to third-party or non-party subpoenas), in deposition testimony and transcripts, through deposition exhibits, or other requests for documentation in this Litigation.

2.5. **ESI:**  Information generated, received, processed, recorded, manipulated, communicated, stored, or used in digital form including metadata (e.g., author, recipient, file creation date, file modification date, etc.).

2.6. **Expert** and/or **Consultant:**  A person with specialized knowledge or experience in a matter pertinent to the Litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a non-testifying expert or consultant in this Litigation, and who is not currently an employee of a Party or a Party's affiliate and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's affiliate.  This definition includes any technical experts, discovery experts, and professional jury or trial consultants retained in connection with this Litigation.

2.7. **Highly Confidential Information:**  All Discovery Material that contains Confidential Information that a Designating Party reasonably and in good faith believes constitutes and/or contains non-public and highly sensitive and/or strictly proprietary information of a Party, including but not limited to trade secrets, current pricing, current or future financial data or reports, current or future business and/or pricing plans or strategies, current or future plans for products or services, third-party agreements and their terms, employment agreements and their terms, or other current financial information, and that would be likely to cause harm to a Party's competitive position if disclosed outside this Litigation.

2.8. **In-House Counsel:**  Attorneys who are employees of a Party or its affiliates and who are acting in a capacity as an attorney for such Party or its affiliates.

2.9. **Litigation:**  Refers to the above-captioned case only.

2.10.     **Outside Counsel:**  Attorneys, along with their paralegals and other support personnel, who are not employees of a Party but who are retained to represent or advise a Party in this Litigation.

2.11.     **Party:**  Any party to this action, including successors in interest, officers, directors, and employees.

2.12.     **Producing Party:**  A Party that produces Discovery Material in this Litigation.

2.13.     **Producing Third Party:**  A non-party that produces Discovery Material in this Litigation.

2.14.     **Professional Vendors:**  Persons or entities that provide litigation support services (*e.g.,* photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

2.15.     **Protected Material:**  Any Discovery Material designated as "Confidential Information" or "Highly Confidential Information."

2.16.     **Receiving Party:**  A Party or non-party that received Discovery Material from a Producing Party.

## 3.   DESIGNATING PROTECTED MATERIAL

3.1. **Designation of Confidential Information and Highly Confidential Information.**  Any Discovery Material produced, served, or otherwise disclosed to a Receiving Party by a Producing Party during the Litigation and designated as Confidential Information or

4

Highly Confidential Information shall be treated in a manner that is consistent with the definitions and procedures set forth in this Protective Order.

3.1.1. **Documents.**   Documents containing Confidential Information or Highly Confidential Information, and any copies thereof, shall be designated as such by including a legend of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" at the bottom of each page that contains such information, and for multi-page documents, on the first page of such documents.  Said legend shall be made so as not to obscure any of the Confidential Information's or Highly Confidential Information's content where reasonably possible.  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed Highly Confidential Information.  After the inspecting Party has identified the documents it would like copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" legend at the bottom of each page that contains Protected Material.

3.1.2. **ESI.**   With respect to any Confidential Information or Highly Confidential Information that is produced as electronically stored information, including video footage, the Designating Party may signify its confidential nature by imprinting a

5

stamp, watermark, or some other marker indicating "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  To the extent any ESI is not susceptible to the imprinting of a stamp signifying its confidential nature, the Designating Party may label the production media "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and/or alter the file name of the native ESI to include the designation and shall inform all recipients in writing of the designation at the time that Confidential Information or Highly Confidential Information is produced.  Otherwise, the ESI shall be marked with the legend as provided in Section 3.1.1 of this Protective Order.

3.1.3.  **Tangible Objects.**  Tangible objects may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by affixing to the object or its container an appropriate label or tag bearing the designation.

3.1.4.  **Depositions.**  Portions of a deposition may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by Counsel at the conclusion of the deposition or by denominating by page and line those portions of the deposition which are to be considered Confidential Information or Highly Confidential Information within ten (10) days of receiving the final transcript and exhibits and so informing all Parties of the designation in writing.  Until the ten-day period has passed, each deposition transcript shall be treated as Highly Confidential Information.  Any portion of a deposition so designated shall not be filed with the Court, except in accordance

with this Protective Order.  A Party shall have the right to have persons who are not permitted under this Protective Order to view Protected Material excluded from a deposition for the portions of testimony designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or the introduction of documents or exhibits designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

3.1.5.  **Reports Created By an Expert or Consultant Relying On or Incorporating Protected Material.**  The Party responsible for its creation shall affix the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" legend at the bottom of each page of the report that contains Protected Material.

3.1.6.  **Documents Generated During Suit.**  If any Party files with the Court (a "Filing Party") any pleadings, memoranda supporting motions, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that contain, reproduce, or quote information designated Confidential Information or Highly Confidential Information, such Filing Party shall redact such Confidential Information or Highly Confidential Information from the public Court filing (by redacting the relevant text of the submission or exhibit and/or filing under seal the entirety of any exhibit that has been designated as containing Confidential Information or Highly Confidential Information) and comply with Paragraph 9 of the Court's Individual Rules of Practice in Civil Cases including by filing on ECF a letter motion seeking leave to file such document(s) with redactions or under seal (a

"Redacted Filing").  If the Filing Party is not the Designating Party of the information designated Confidential Information or Highly Confidential Information that has been redacted and/or filed under seal in a Redacted Filing, the Designating Party shall file on ECF a letter within seven (7) days of the Redacted Filing in support of such redactions and providing the information required by Paragraph 9(B)(i) and/or 9(C)(ii) of the Court's Individual Rules of Practice in Civil Cases.

3.2. **Inadvertent Failure to Designate.**  If material is produced in this Litigation without a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation, the absence of such designation does not, standing alone, waive, in whole or in part, the Designating Party's right to secure protection under this Protective Order for such material.  Upon discovery of the inadvertent failure to designate, a Designating Party may advise the Receiving Party of the fact that the information should have been designated and may retroactively designate the material by notice in writing by Bates number or such other means that will allow for the identification of such documents.  The inadvertent failure of a Party or non-party to designate specific documents or materials as containing Confidential Information or Highly Confidential Information shall not be deemed a waiver, in whole or in part, of a claim of confidentiality as to such documents or materials. Upon notice to each Party of such failure to designate, each Party shall cooperate to restore the confidentiality of the inadvertently disclosed information.  Should the Parties disagree as to the appropriate designation of material that was inadvertently not designated, the Designating Party's proposed designation shall be maintained until the Parties reach an agreement of the appropriate designation, or until the Court assigns a designation.  Each

Party or non-party that designates material for protection under this Protective Order agrees to act in good faith in applying the standards set forth herein.

## 4.   ACCESS TO AND USE OF DISCOVERY AND PROTECTED MATERIAL

4.1. **Basic Principles.**  A Receiving Party may use and disclose Discovery Material only in connection with prosecuting, defending, or attempting to settle this action, including any appeal thereof, and not for any other business, commercial or other purpose.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.  For purposes of this Protective Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

4.2. **Restrictions on Use of Protected Material.**

4.2.1.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Discovery Material designated "CONFIDENTIAL" only to:

4.2.1.1.    **Counsel.**  The Receiving Party's Counsel, as well as employees and contractors of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

4.2.1.2.    **Parties.**  The Parties to this action, as well as the parties' employees, and, with respect to Confidential Information that was produced by a non-party, also to such non-party and its employees;

4.2.1.3.    **Court.**  The Court and its personnel;

9

4.2.1.4.    **Court Reporters and Recorders and Vendors.**  Stenographers, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation;

4.2.1.5.    **Consultants, Investigators and Experts.**  Experts and/or Consultants with respect to each of whom agree to be bound by this Protective Order and have completed the certification contained in Exhibit A;

4.2.1.6.    **Others.**  (1) The author, addressees, or recipients of the document, (2) any other natural person whom there is a good faith basis to believe did review such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document, and to whom disclosure is reasonably necessary for this Litigation; or (3) any other person whom the Producing Party or Designating Party agrees in writing may have access to Confidential Information.

4.2.1.7.    **Witnesses.**  Any witness who counsel for a party in good faith believes may be called to testify at trial, hearing or deposition in this action or is called to testify at trial, hearing or deposition in this action, and to whom disclosure is reasonably necessary for this Litigation, provided such person, prior to disclosure, either completes the certification contained in Exhibit A, in which the witness agrees to be bound by this Protective Order, or is provided with a copy of this Protective Order and advised they are bound by the terms of this Protective Order.

4.2.2.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

    4.2.2.1.   **Counsel.**   The Receiving Party's Counsel, as well as employees and contractors of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

    4.2.2.2.   **Court.**  The Court and its personnel;

    4.2.2.3.   **Court Reporters and Recorders and Vendors.**   Stenographers, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    4.2.2.4.   **Consultants, Investigators and Experts.**  Experts and/or Consultants with respect to each of whom agree to be bound by this Protective Order and have completed the certification contained in Exhibit A;

    4.2.2.5.   **Witnesses.**  The Parties will meet and confer concerning the use of any Highly Confidential Information at depositions with witnesses whose depositions have been noticed in this action and who are not otherwise permitted to have access to such Highly Confidential Information under the terms of this Protective Order.

    4.2.2.6.   **Others.**  (1) The author, addressees or recipients of the document; or (2) any other person whom the Producing Party or Designating Party agrees in writing may have access to Highly Confidential Information.

4.2.3.   Except as agreed to in writing by the Designating Party or its Counsel or as otherwise provided herein, "Confidential" Information and "Highly Confidential" Information:

4.2.3.1.   shall be maintained in confidence;

4.2.3.2.   may be disclosed only to persons entitled to access thereto under the terms of this Protective Order; and

4.2.3.3.   shall be used by such persons to whom it is disclosed only for the purposes of prosecuting or defending this Litigation, including appeals, and for no other purpose.  Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Designating Party consents in writing to such disclosure of its designated material.

4.3. **Persons Bound by Protective Order.**  An agreement to be bound by this Protective Order under subsections 4.2.1.5 or 4.2.2.4 shall be accomplished by the execution of the Acknowledgment and Agreement To Be Bound by Protective Order (Exhibit A).  An agreement to be bound by this Protective Order under subsection 4.2.1.7 shall be accomplished either by the execution of the Acknowledgment and Agreement To Be Bound by Protective Order (Exhibit A), or by providing persons under subsection 4.2.1.7 with a copy of this Protective Order and advising them they are bound by its terms, in which case those persons shall be bound by the terms of this Protective Order.  Outside Counsel for the Party that obtains signed agreements (Exhibit A), as required above, shall retain them for one year following the final termination of this action, including any appeals.

4.4. **Retention of Protected Material.**  Persons who have been shown Protected Material pursuant to Section 4.2.1.6, 4.2.1.7, 4.2.2.5, or 4.2.2.6 shall not retain copies of such Protected Material except as reasonably necessary for this litigation and as subject to Paragraph 10 of this Protective Order.  Persons shown Protected Materials pursuant to Section 4.2.1.7 or 4.2.2.5 shall not retain such Protected Materials after their testimony, except that (i) such persons may retain an official copy of the transcript of their own testimony, including exhibits made part of the official transcript, as reasonably necessary for this litigation while the litigation is ongoing, and (ii) such persons may retain an official copy of the transcript of their own testimony, excluding exhibits made part of the official transcript, once the Litigation has concluded.

4.5. **Copies.**  Prior to production to another Party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as Protected Material under this Protective Order, or any individual portion of such a Protected Material, shall be affixed with the appropriate designation if the designation does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Protective Order.  The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of Protected Material or otherwise disclose the substance of the Confidential Information contained in the Protected Material.

5. **CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

5.1. **Timing of Challenges.**  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2. **Meet and Confer.**  Before filing any motions regarding or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming, changing or waiving the confidentiality designation as to any Protected Material subject to the objection, the Designating Party shall serve on all parties a notice specifying the Discovery Material and the nature of the agreement.  The Designating Party shall also produce copies of all materials with the agreed designation at the expense of the Designating Party.

5.3. **Action by the Court.**  Applications to the Court for an order relating to the designation of any Protected Material shall be by motion under the Local Civil Rules of the Southern District of New York, this Court's Individual Rules of Civil Practice, and any other procedures set forth in this Court's standing orders or orders in this action.  Nothing in this Protective Order or any action or agreement of a party under this Protective Order limits the Court's authority to make any orders that may be appropriate with respect to the use and disclosure of any Discovery Material produced or used in discovery or at trial.

6. **DISCOVERY MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

6.1. Nothing herein shall preclude the parties from disclosing material designated to be Protected Information if otherwise required by law or pursuant to a valid subpoena.

14

6.2. Any Producing Third Party that receives a subpoena for Discovery Material in this Litigation may avail herself, himself, or itself of the provisions of this Protective Order by executing Exhibit B to this Protective Order and informing the party that served the subpoena of the same. Within 10 days of receipt of the Producing Third Party's executed Exhibit B, the Party that issued the subpoena shall then notify all other Parties to this Litigation that the Producing Third Party has availed itself of the protections of this Protective Order. Only upon the Producing Third Party's execution of Exhibit B shall the provisions of this Protective Order apply to any Discovery Materials produced by that Producing Third Party. Under such circumstances, the Producing Third Party shall have the same rights and obligations under the Protective Order as Parties to this Litigation. Nothing in this Protective Order is intended to or may be interpreted to narrow, expand, or otherwise affect the rights of the Parties or any non-parties to object to a subpoena.

6.3. If a Receiving Party is served with a discovery request, subpoena or an order issued in other litigation that would compel disclosure of any nonpublic Discovery Material, the Receiving Party must so notify the Designating Party, in writing (by electronic mail, if possible), along with a copy of the discovery request, subpoena or order, as soon as reasonably practicable (and no later than ten days before the date by which any disclosure is made pursuant to the discovery request, subpoena or order).

6.4. The Receiving Party also must promptly inform the person who caused such discovery request, subpoena or order to issue in the other litigation that some or all the material covered by the request, subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the person in the other action that caused the discovery request, subpoena or order to issue.

6.5. The purpose of imposing these duties is to alert interested persons to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the discovery request, subpoena or order is issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Discovery Material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 7.  UNAUTHORIZED DISCLOSURE OF DISCOVERY MATERIAL.

7.1. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Discovery Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Discovery Material, (c) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Protective Order, and (d) request such person or persons return or destroy all copies of the Discovery Material and execute the "Acknowledgment and Agreement To Be Bound by Protective Order" that is attached hereto as Exhibit A.

## 8.  INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL.

8.1. The inadvertent production of any Discovery Material constituting or containing attorney-client privileged information, attorney work product or other privileged information shall be governed by Rule 26 of the Federal Rules of Civil Procedure, Rule 502 of the Federal Rules of Evidence, and this Protective Order.

8.2. A party or non-party may request the return of any privileged document that it unintentionally produced, whether inadvertent or otherwise (an "Inadvertently Produced

Privileged Document"), by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production.  If a party or non-party requests the return, pursuant to this section, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall within five (5) business days destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall make reasonable efforts to expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Document, consistent with Fed. R. Civ. P. 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(d) and Fed. R. Civ. P. 26(b)(5)(B), if documents or information subject to a claim of attorney-client privilege, work-product protection, or any other applicable claim of privilege or protection are unintentionally disclosed, whether inadvertent or otherwise, such disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or protection for such information in this case or any state or federal proceeding.  This Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B).  A party may move the Court for an order compelling production of the document and may present the document to the Court under seal within five (5) business days of receiving a request to return the document, but said party may not assert as a ground for the entering of such an order the facts or circumstances of the inadvertent production, including whether the Producing Party took reasonable care to prevent disclosure.  Nothing in this Protective Order shall preclude a party from arguing that the Inadvertently Produced Privileged Document does not constitute or contain attorney-client privileged information, attorney

17

work product or other privileged information, or that the Producing Party has waived any applicable privilege through its conduct outside of this litigation.  Nothing in this Protective Order is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information, or other information (including metadata), for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. **10. FINAL DISPOSITION.**

9.1. This Protective Order shall survive and remain in full force and effect after termination of this action.  Neither the termination of this lawsuit nor the termination of employment of any person with access to any Discovery Material shall relieve such person from the obligation of maintaining the confidentiality of such information.

9.2. Unless otherwise ordered or agreed in writing by the Producing Party, upon written request of the Producing Party, after the final conclusion of all aspects of this action by judgment not subject to further appeal or by settlement, all Discovery Material, including copies as defined in Paragraph 4.5, shall be returned or destroyed by the Receiving Party, unless it has been offered into evidence or filed without restriction as to disclosures.  Within thirty-five days of the Producing Party's written request, counsel for the Receiving Party shall certify in writing to the Producing Party that all such Discovery Material has been destroyed.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence and all attorney work product, even if such materials contain Discovery Material.  Any such archival copies that contain or constitute Discovery Material remain subject to this Protective Order.  In addition, counsel may retain attorney work product, including an

index which refers or relates to Discovery Material, so long as that work product does not duplicate verbatim substantial portions of the text or images of the Discovery Material. This work product shall remain subject to this Protective Order.

9.3. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties, or after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

## 10. ATTORNEY RENDERING ADVICE.

10.1.    Nothing in this Protective Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to Discovery Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

## 11. DISPOSITIVE MOTION HEARINGS AND TRIAL.

11.1.    The terms of this Protective Order shall govern in all circumstances except for presentations of evidence and argument at hearings on dispositive motions and at trial. The parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

## 12. MISCELLANEOUS.

12.1.    **Right to Further Relief.**  This Protective Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.  Motions to modify this Protective Order shall be served

19

and filed under Local Civil Rule 7.1(d) and this Court's Individual Rules of Civil Practice, standing orders or other orders in this action.

12.2.     **Prior Judicial Determination.**  Nothing herein shall be construed or presented as a judicial determination that any documents or information designated as Protected Material by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

12.3.     **Persons Bound.**  This Protective Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties and the persons made subject to this Protective Order by its terms.

12.3.1. **No Waiver**.  Nothing contained in this Protective Order will be construed as: (a) a waiver by a Party of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

SO STIPULATED AND AGREED.

Dated: May 22, 2024
        New York, New York

                          Respectfully submitted,

                          DECHERT LLP

                          By:  */s/ Steven B. Feirson*
                               Steven B. Feirson (*pro hac vice*)
                               Cira Center, 2929 Arch Street
                               Philadelphia, Pennsylvania 19104-2828
                               Tel. 215 994 2489
                               steven.feirson@dechert.com

Matthew L. Mazur
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel.: (212) 698-3500 Ext. 7487
Matthew.Mazur@dechert.com

25 Cannon Street
London EC4M 5UB
United Kingdom
Tel.: +44 20 7184 7487

David L. Attanasio
1900 K Street, NW
Washington, DC 20006-1110
Tel. 202 261 3379
David.Attanasio@dechert.com

*Attorneys for Plaintiffs Pentacon BV
and Baltisse NV*

NORTON ROSE FULBRIGHT US LLP

By: _/s/ Thomas J. McCormack_____
    Thomas J. McCormack
    Robert Kirby
    Anthony Lauriello
    1301 Avenue of the Americas
    New York, NY 10019
    Tel.: (212) 408-5100
    Fax: (212) 541-5369
    thomas.mccormack@nortonrosefulbright.com
    robert.kirby@nortonrosefulbright.com
    anthony.lauriello@nortonrosefulbright.com

    Robin Ball (*pro hac vice*)
    555 South Flower Street, 41st Floor
    Los Angeles, CA  90071
    Tel.: (213) 892-9200
    robin.ball@nortonrosefulbright.com

    *Attorneys for Defendants Guy Vanderhaegen,
    Guy Vanderhaegen Revocable Trust, Pelican
    Invest, LLC, and Pelican International, LLC*

21

This agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

Dated:      May 23, 2024            SO ORDERED.
            New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

**Exhibit A.**

## UNDERTAKING AND ACKNOWLEDGEMENT OF
## <u>CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER</u>

I, _____, hereby attest as follows:

1.      I understand that CONFIDENTIAL material may be disclosed to me under the terms of the Protective Order entered on [DATE] in the matter entitled *Pentacon v. Vanderhaegen*, No. 1:23-cv-02172-KPF (S.D.N.Y.).  I have a copy of and have read the Protective Order, and I agree to comply with and be bound by its terms.  I also agree to be subject to the jurisdiction of this Court for the purpose of enforcing this Protective Order and this agreement.

2.      I agree that I will not disclose to anyone else the Confidential Information disclosed to me, nor discuss or describe the substance or content of such material, except as provided in the Order, and that I will use such material only for the purposes of this litigation.

3.      I agree that I will not keep any Confidential Information or copies of any such material (including notes or other memoranda or writings containing or relating to such material) except to the extent permitted by the Protective Order, and, upon request, will destroy or return such material to the attorneys who disclosed such material to me.

_____

Dated

_____

Signature

**Exhibit B.**

## UNDERTAKING AND ACKNOWLEDGEMENT OF
## <u>CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER</u>

I, _____, hereby attest as follows:

1.      I have read in its entirety and agree to be bound by the Protective Order entered on [DATE] in the matter entitled *Pentacon v. Vanderhaegen*, No. 1:23-cv-02172-KPF (S.D.N.Y.).

2.      I further agree to submit to the jurisdiction of the Southern District of New York for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

_____
Dated

_____
Signature